*MARIETTA JEFFREY v. BENJAMIN YOXTHEIMER ET AL.

1. DOWER IN LAND PLEDGED BY MORTGAGE.

A wife who has pledged her dower towards the payment of mortgages upon lands of her deceased husband, has a right to have her husband's interest therein applied first and then so much of her dower interest as may be required to liquidate the balance.

2. WIFE MUST OFFER TO REDEEM.

Where the wife's dower is sold with the interest of her husband, without making her a party to the action, to liquidate liens on lands in which she released her dower, she cannot subsequently have dower therein assigned without first offering to redeem.

3. PURCHASER SUBROGATED TO RIGHTS OF MORTGAGEES.

The purchaser of mortgaged lands at a judicial sale by the assignee for the benefit of creditors buys the interest of the assignor and becomes subrogated to the rights of the mortgagees therein as against the dower interest of the widow of decedent, she having released her dower interest therein as to them.

4. PRESUMPTION AS TO VALUE OF DOWER.

Where it appears that the encumbered property sold for $8,818.50 and that the sum required to liquidate the mortgages was $8,061.66, the court, without evidence as to the wife's age, may assume that her dower interest amounted to more than $756.64 and that part of it was required to liquidate the encumbrances.

CALDWELL, J.

In this case the plaintiff seeks to have dower assigned her in certain lands in Homer township, Medina county, Ohio. The defendant, Benjamin Yoxtheimer, sets up in his answer that said lands were subject to four mortgages amounting to over eight thousand dollars, and that the plaintiff had signed each of said mortgages, and had therein released her dower. That her husband in his lifetime, James Jeffrey, was seized of the lands described in plaintiff's petition, and that he became insolvent and unable to pay his debts, and that he made an assignment of all his property, including the lands described in the peti-

---

* Affirmed by the Supreme Court, without report, 59 Ohio St. 628.

G. W. Lewis and Geo. Hayden, for plaintiff in error, in the Supreme Court cited:

The contingent right of a widow to have dower in lands at the husband's death (if he died first), is property having a substantial value, and cannot possibly pass by husband's assignment of the lands in which she has such contingent dower: Mandel v. McClave, 46 O. S. 407 [22 N. E. Rep. 290; 5 L. R. A. 519; 15 Am. St. Rep. 627]; Ketchum v. Shaw, 28 O. S. 503, 507.

The probate court has jurisdiction of proceeding to assign dower: See 83 O L. 236 ; see also Dwyer v. Garlough, 31 O. S. 158.

Barnard & Richards, for defendants in error, cited:

Release of dower: Ketchum v. Shaw, 28 O. S. 503, 506.

Where it appears that a portion of dower was required and used in liquidating the mortgage debt, the widow cannot have dower assigned to her in the lands without first offering to redeem : McArthur v. Franklin, 15 O. S. 485, and McArthur v. Franklin, 16 O. S. 193.

tion, to one S. B. Woodward in trust, for the benefit of his creditors; and that the trust was duly filed in the probate court, and was fully executed; and it sets up that at the time of the assignment the mortgages were wholly unpaid, and that the probate court of Medina county ordered the assignee to sell the lands described in plaintiff's petition; and that the assignee, in pursuance of that order, sold and conveyed the lands to Charles Camp for the sum of $8,818.50; that at the time of the assignment the mortgages were all due and unpaid; that the probate court approved the sale of the lands by the assignee, and ordered him to make a deed to Charles Camp, which he did, and to pay off the liens, and ordered that the assignee first pay the costs, which amounted to $403.38, and next, to pay the several mortgages, four in number, which amounted to $8,061.66. That after the assignee had paid the costs and the mortgages, there still remained in his hands the sum of $353.46.

A demurrer was filed to this answer, which demurrer was overruled, and the case comes here claiming that in overruling the demurrer there was error.

After careful examination of this petition we conclude that it fairly avers that the probate court ordered the entire land to be sold, and that the land was sold and a deed given of the entire land. If the interest of James Jeffrey in these lands had been sufficient to pay the mortgage liens, so that there was no need of selling the wife's dower in the lands, it might be claimed that she had this right now to have dower assigned her in the lands; but she has pledged her dower toward the payment of these mortgages, and under that pledge it is her right to have her husband's interest in the lands first applied to the payment; and second, to apply her interest so far as it is necessary to liquidate any balance left unpaid by the interest of the husband.

It appears from the answer that the full amount realized for the lands was $8,818.50, and that the amount required of that sum to liquidate the mortgages was $8,061.66; so that the entire amount realized for the lands was required except $756.84.

It is the law that where the wife's dower is sold by the court with the interest of the husband without her being a party to the action, that if her interest in the lands as dower is required to liquidate the liens on the land in which she has released her dower, then she cannot have dower assigned her in the lands without first offering to redeem the same.

We have no evidence as to the age of the plaintiff, but but it is fair to presume that her dower in these lands would amount to more than $756.84; so in this way it appears that a portion of her dower interest in the lands was required to liquidate the mortgages; and this being true, she cannot maintain the action set up in her petition, the facts as above stated appearing in the case, without first offering to redeem.

We therefore hold that the answer sets up good defense to the petition, that when Camp bought the entire land he bought the interest of James Jeffrey therein and became subrogated to the rights of the several mortgagees against the dower interest of the plaintiff, which interest of Camp they, the present owners of the land, now hold. As against the mortgages she cannot have dower assigned in the land without offer to redeem. It follows that she cannot have her dower assigned in the lands as against the present owners without first offering to redeem.

The judgment of the court of common pleas is affirmed.